101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Giuseppe GAMBINO, Francesco Gambino, Lorenzo Mannino,
Salvatore Lobuglio, Salvatore Rina, Guiseppe D'Amico,
Salvatore D'Amico, Francesco Cipriano, Pietro Candela,
Salvatore Candela, Francesco Inzerillo, Joseph Larosa, Paolo
D'Amico, Roco Launi, Fabrizio Tesi, Vittorio Barletta,
Carmelo Guarnera, Sasha (Lnu), Giovanni Zarbano, Rosario
Naimo, Emanuele Adamita, Giovanni Gambino, Defendants,
Matteo Romano, Defendant-Appellant.
 Nos. 95-1223, 95-2720.
 United States Court of Appeals, Second Circuit.
 May 15, 1996.
 
 APPEARING FOR APPELLANT: GAIL E. LASER, New York, N.Y.
 APPEARING FOR APPELLEE:PATRICK J. FITZGERALD, Assistant U.S. Attorney, Southern District of New York, New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before FEINBERG, CABRANES and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the decision of the district court is AFFIRMED.
 
 
 3
 Defendant Matteo Romano appeals from (1) a judgment of conviction entered on April 7, 1995, in the United States District Court for the Southern District of New York (Peter K. Leisure, Judge ), following a four-week jury trial and (2) a Memorandum Order, dated September 22, 1995, denying Romano's motion pursuant to 28 U.S.C. § 2255 to vacate his sentence.
 
 
 4
 Romano and his codefendants were charged, inter alia, with conspiring to conduct and participate in the affairs of a racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), and the substantive crime of participating or conducting the affairs of such an enterprise in violation of 18 U.S.C. § 1962(c). The charged enterprise "was composed in part of made [i.e., officially inducted] members and associates of the Gambino Family of the American Mafia, together with made members ... and associates of various families of the Sicilian Mafia." Romano was specifically charged with four predicate acts: (1) the attempted purchase of five kilograms of heroin in May 1982; (2) the distribution of two kilograms of heroin in 1982; (3) the distribution of one kilogram of heroin in December 1987; and (4) attempted extortion in 1987 concerning money owed for a kilogram of heroin. After a mistrial and guilty pleas by his codefendants, Romano was convicted on both counts on March 18, 1994. On April 7, 1995, the district court sentenced him principally to imprisonment for a term of 188 months and three years of supervised release. His petition pursuant to 28 U.S.C. § 2255 to vacate his sentence on grounds of ineffective assistance of counsel was denied on September 22, 1995.
 
 
 5
 Romano raises the following issues on appeal:
 
 
 6
 1. Instructions to the Jury: Romano challenges the district court's instruction on RICO's "participation" requirement,[1] arguing that the alleged error permitted the jury to convict him without proof that he had some part in directing the enterprise's affairs, as required by Reves v. Ernst & Young, 507 U.S. 170, 179 (1993). Despite the fact that the court gave a lengthy instruction on the participation element--an instruction that the defendant concedes included the relevant language enunciated in Reves--he contends that the court's proper Reves charge was negated by a single sentence that assertedly created the potential for the jury to misunderstand the nature of the requirement that the defendant must have a part in the "operation or management" of the enterprise. Id. We find that, while taken alone, the challenged sentence may not have adequately conveyed the requirement that a RICO defendant must play some part in directing the affairs of the enterprise, the district court's full participation instruction--properly viewed in its entirety--accurately charged the jury in accordance with Reves. United States v. Locascio, 6 F.3d 924, 942 (2d Cir.1993), cert. denied, 114 S.Ct. 1645 (1994).
 
 
 7
 In any event, because Romano's counsel was well aware of the Supreme Court's decision in Reves--as evidenced by his successful argument to include the Reves instruction in the jury charge--and failed to object to the alleged error at trial, reversal is not warranted in the absence of plain error. Locascio, 6 F.3d at 942 (applying plain error rule); cf. United States v. Viola, 35 F.3d 37, 41-42 (2d Cir.1994), cert. denied, 115 S.Ct. 1270 (1995). Insofar as there was sufficient evidence of Romano's direct participation in the operation and management of the enterprise--his negotiation and participation in narcotics sales and his role in the collection of debts for narcotics sales--we find that he could not have been prejudiced by the alleged error. The evidence in the record satisfies the Reves standard, thereby defeating both Romano's plain error argument and his related challenge to the sufficiency of the evidence on the RICO participation element.
 
 
 8
 2. Evidentiary Issues: Romano challenges four different evidentiary rulings that he claims deprived him of a fair trial. First, he argues that the district court erred by admitting a recorded conversation between John Gotti and Salvatore Gravano about the Gambino Crime Family, because the tape did not mention Romano and the charged enterprise was not the Gambino Crime Family itself, but a smaller racketeering enterprise. Because the enterprise charged in the indictment was defined to include "made members and associates of the Gambino Family," we find that the district court did not abuse its discretion in admitting the tape. For similar reasons, the court's decision to admit expert testimony on the hierarchical structure, operation, membership, and terminology of organized crime families was not "manifestly erroneous." United States v. Cruz, 981 F.2d 659, 662 (2d Cir.1992). Furthermore, the potential for prejudice was obviated by the district court's limiting instruction, cautioning the jury about the limited purpose of the allegedly prejudicial material.
 
 
 9
 Romano's third and fourth evidentiary challenges concern the admission of (1) testimony by undercover FBI Agent Ronald Moretti regarding co-conspirator Salvatore D'Amico's statements about narcotics trafficking conducted on behalf of the defendant and (2) testimony by Lilliana Sotomayor about statements by her boyfriend, co-conspirator Pietro Candela, regarding narcotics deals with Romano, and threats concerning money owed to Romano for drugs. Insofar as Romano did not object to the admission of either witness's testimony at trial, his claim is reviewable only for plain error. Fed.R.Crim.P. 52(b). We find that the district court's admission of both statements against Romano--as statements made by a co-conspirator in furtherance of the conspiracy pursuant to Fed.R.Evid. 801(d)(2)(E)--was not clearly erroneous, and in any event, did not affect the defendant's substantial rights. See United States v. Tracy, 12 F.3d 1186, 1196 (2d Cir.1993) (noting that statements "in furtherance" of conspiracy include those "designed to promote or facilitate achievement of the goals of the ongoing conspiracy" by "seeking to induce a coconspirator's assistance, ... informing coconspirators as to the progress or status of the conspiracy, ... or ... prompting the listener--who need not be a coconspirator--to respond in a way that promotes or facilitates the carrying out of a criminal activity"). Furthermore, we find that the alleged errors, taken cumulatively, are not sufficiently prejudicial to implicate fundamental fairness and warrant reversal.
 
 
 10
 3. Sentencing: Romano appeals, on several grounds, the district court's calculation of the relevant drug amounts for sentencing purposes. Mindful of the fact that we must "accept the findings of fact of the district court unless they are clearly erroneous and ... give due deference to the district court's application of the guidelines to the facts," United States v. Davis, 967 F.2d 84, 88-89 (2d Cir.), cert. denied, 113 S.Ct. 356 (1992) (quotation marks and alterations omitted), we find no clear error or abuse of discretion on the record before us.
 
 
 11
 4. Section 2255 Motion: Finally, Romano argues that the district court erroneously denied his § 2255 motion to set aside his conviction on grounds of ineffective assistance of counsel during plea negotiations. Based on the facts alleged, it is clear that the defendant failed to raise any controverted issue of fact worthy of a hearing. For example, while Romano used an interpreter for his court appearances, Romano does not allege that his plea discussions with counsel were atypical in that an interpreter was not present; he does not claim that he usually spoke to counsel through an interpreter. Romano also does not allege that counsel's assistance was ineffective at any other time in the three years counsel represented Romano where they had discussions without an interpreter. He fails to explain why the plea discussions were in any way different than his other discussions with counsel. Because Romano's counsel made objectively reasonable efforts to communicate the plea offer to the defendant in accordance with Strickland v. Washington, 466 U.S. 668, 688 (1984), we find that the district court properly denied the § 2255 petition without a hearing.
 
 
 12
 Accordingly, the judgment of the district court is affirmed. foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [the racketeering enterprise's] affairs." (Emphasis added.)
 
 
 
 [1]
 18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or